Dear Representative Smith:
This office is in receipt of your request for an opinion regarding ambulance services rendered to citizens served by the Franklin Foundation Hospital ("Franklin"), operated by Hospital Service District No. 1 of St. Mary Parish (the "District"). Your requests asks that this office examine two issues, the first pertaining to transportation of indigent patients and the second pertaining to parochial regulation of private ambulance services.
Specifically, your first question pertains to the transportation of indigent patients who are received at Franklin, but who are ultimately transported by ambulance to one of Louisiana's charity hospitals or to another hospital with appropriate specialists on staff. According to your correspondence, the indigent patients at issue typically have no insurance and do not qualify for governmental programs such as Medicare. You advise that for years, Acadian Ambulance has been charging the District for transport provided to these patients. You further advise that neither the transporting nor the receiving hospitals, nor the doctors who treat these patients receive payment from the District for their services.
Since District funds are public funds, you question whether the District's payment of Acadian Ambulance's bills for transportation of the indigent patients in question represents a donation by the District to Acadian Ambulance, in violation of La. Const. Art. VII, Sec. 14, which provides, in pertinent part:
 "(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or any political subdivision shall not be loaned, pledged or donated to or for any person, association, or corporation, public or private
 "(B) Authorized Uses. Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy "
It is the opinion of this office that the District can continue to provide ambulance service to indigent patients who are received at the District Hospital, and that the provision of ambulance transportation in the manner you have described is not in violation of La. Cons. Art. VII, 14. Such an arrangement, although of obvious commercial benefit to Acadian Ambulance, does not appear to be intended for the benefit of Acadian Ambulance; rather, the ambulance services are provided by the District for the benefit of the indigent patients transported thereby. As such, it is our opinion that the District's continued provision of ambulance services, through Acadian Ambulance, to the District's needy and indigent patients falls within the exception to the general prohibition of Art. VII, Sec. 14, as a program of social welfare for the aid and support of the needy.
Your second question, as previously noted, pertains to the regulation of ambulance service companies. Your letter notes that state law allows parish governing authorities to regulate ambulance service companies. Specifically, you question whether or not free transportation of indigent patients can be made a regulatory requirement imposed upon private ambulance companies who operate within a particular parish.
Pertinently, La. RS 33:1236(32) provides police juries and other parish governing authorities with the following power:
 "To operate an ambulance service in its own capacity as governing authority or to contract for the operation of such service by others and to regulate and subsidize the operation by others, or to operate the service in cooperation with other agencies or municipalities. The provisions of this Paragraph shall not apply in the parishes of St. Tammany, Washington, St. Helena, and Jefferson. In addition, the governing authority of Livingston Parish may regulate the operation of any ambulance service in the parish." (Emphasis added.)
More pertinently, LA. RS 33:4791.1 provides:
 "A. The legislature hereby finds and declares the following:
 (1) The provision of consistently high quality emergency medical care, and any and all aspects attendant to ambulance operation to be provided within a medically acceptable response time is essential to the health, safety, and welfare of the state and its people.
 (2) Privately operated ambulance services providing patient transportation service or emergency medical services fulfill a vital health and safety need within the state. The operation of such ambulance services operated within the jurisdiction of municipalities and other local governing authorities enables the state to provide the benefits of privately operated, demand-responsive ambulance services to its people.
 (3) The economic viability and stability of such privately operated ambulance services are consequently a matter of statewide importance.
 (4) The policy of this state is to promote medically acceptable and reliable, privately operated ambulance services, the furnishing of emergency medical services, and any and all aspects attendant to ambulance operations in order to provide the benefits of that service to its citizens. In furtherance of this policy, the legislature recognizes and affirms that the regulation of such privately operated ambulance service is an essential governmental function.
 (5) The policy of this state is to provide that municipalities and other local governing authorities may regulate privately operated ambulance services, the furnishing of emergency medical services, and any and all aspects attendant to ambulance operation. It is further the policy of the state not to subject any local governing authority or its officers or members to liability under federal antitrust laws.
 B. Every municipality or other local governing authority may protect the public health, safety, and welfare by licensing, controlling, and regulating by ordinance or resolution privately operated ambulance services, the furnishing of emergency medical services, and any and all aspects attendant to ambulance operations within the jurisdiction of the municipality or other local governing authority. Every municipality or other local governing authority is empowered to regulate the following:
 (1) Entry into the business of providing ambulance service, including emergency medical services, within the jurisdiction of that municipality or local governing authority.
 (2) Rates charged for the provision of ambulance services, in accordance with federal law relative to medical reimbursement, including emergency medical services.
 (3) Establishment of safety and insurance requirements.
 (4) Any other requirement adopted to ensure safe, reliable, and responsive ambulance service, even if such requirement is anticompetitive in effect.
 (5) Limited or exclusive access by such ambulance service for the provision of emergency medical services to the 911 or other emergency communications dispatch of the municipality or other local governing authority.
 (6) The establishment of safety and insurance requirements even if such requirements reduce the number of such private ambulance services that otherwise would operate within the jurisdiction of the municipality or other local governing authority.
 C. Cognizance is hereby taken of provisions in home rule charters of various parishes and municipalities which permit the regulation of ambulance services, the furnishing of emergency medical services, and any and all aspects attendant to ambulance operation within the jurisdiction of such parishes and municipalities. In connection with same, the provisions of this Section are hereby deemed and shall be interpreted and construed to be retroactive.
 D. Any municipality or other local governing authority is authorized to carry out the provisions of this Section as acts of government on behalf of the state as sovereign and, to the extent the governing authority deems necessary or appropriate, is further authorized to displace competition and provide a monopoly public service. All immunity of the state of Louisiana from liability under antitrust law is hereby extended to any municipality or other governing authority acting within the scope of authority contained in this Section and, when so acting, a municipality or other local governing authority shall be presumed to be acting in furtherance of state policy.
 E. Nothing in this Section shall be construed to authorize the regulation of ambulance services, emergency medical services, or ambulance operations which are located on the site of any manufacturing facility solely for use thereon." (Emphasis added).
In our opinion, the above quoted provisions of law give parish governing authorities very broad authority with regard to the regulation of private ambulance services. As such, it is our opinion that a parish governing authority may impose reasonable requirements regarding the transportation of indigent patients upon the ambulance companies they regulate. Of course, parishes who avail themselves of such authority will wish to consider the effect such regulations may have upon the continued ability of private ambulance companies to operate within the parish and upon the rates charged for such services.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dra